IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CAREY T. DUNN, *et al.*, | : |
| Plaintiffs, | : |
| V. | : |
| SHERIFF MATTHEW MOULTON, *et al.*, | : NO. 5:25-cv-00352-CAR-CHW |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Carey T. Dunn and ten additional proposed plaintiffs have filed a complaint seeking relief under 42 U.S.C. § 1983.[1] ECF No. 1. None of these potential plaintiffs has paid the $405.00 filing fee for such a complaint or filed a motion for leave to proceed *in forma pauperis* in this action.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA

---

[1] Except for Dunn, these Plaintiffs provided addresses that appear to be private residences, but the page with their names and addresses indicates that all of the proposed plaintiffs are currently in the Houston County Detention Center. ECF No. 1-1 at 1.

on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98.

Plaintiffs are therefore not permitted to proceed in an action together *in forma pauperis*. As it does not appear that Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims, the complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Each Plaintiff, including Dunn, may file a separate complaint, in which he asserts only claims personal to him, if he chooses to do so. Each Plaintiff must also either pay the filing fee or submit a proper motion to proceed *in forma pauperis* with his individual complaint.

Further, to the extent that Plaintiff Dunn seeks to bring these claims as a class action, a *pro se* plaintiff may not represent the interests of other prisoners. *See, e.g.*, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Dunn, from representing some or all of the other inmates who are named as Plaintiffs in this case. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow

inmates).[2]

Thus, for the reasons previously stated, this action is **DISMISSED** in its entirety **WITHOUT PREJUDICE**.

**SO ORDERED,** this 3rd day of September, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.